# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAL ALGIERI                        :
        Plaintiff            :
                               :
   v.                        :     3:CV-05-1513
                               :     (CHIEF JUDGE VANASKIE)
PENNSYLVANIA POWER & LIGHT CO.  :
       Defendant       :

## ORDER

### November 3, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On July 29, 2005, Plaintiff Sal Algieri filed this pro se action against the Pennsylvania Power & Light Co. ("PPL"), seeking an injunction requiring PPL to turn on his electricity and money damages for violating his rights. (Pl.'s Compl., Dkt. Entry 1.) Plaintiff has moved to proceed in forma pauperis. (Id. at 1.) Plaintiff raises three arguments: (1) PPL violated his civil rights, (2) PPL violated his rights under the Americans with Disabilities Act ("ADA"), and (3) PPL illegally transferred debts discharged in bankruptcy to his post-bankruptcy account. (Id. at 2.) These are not valid claims for relief in this Court. First, his civil rights claim fails because PPL did not act under the color of state law. Second, he has not stated an actionable claim under the Americans with Disabilities Act. Finally, his bankruptcy claim should properly be raised in a bankruptcy court proceeding. Accordingly, Plaintiff's civil rights and ADA claims will be dismissed as legally frivolous. His bankruptcy claim will be dismissed without prejudice.

Plaintiff is a retired veteran aged seventy years old. (Id. at 2.) He indicates that he is permanently disabled due to leg and lower back pain. (Id. at 23-26.) Plaintiff asserts that a United States Bankruptcy Judge in the Middle District of Florida discharged his debts on May 5, 2004. (Id. at 5.) Afterwards, he continued to receive electric services from PPL. According to Plaintiff, PPL transferred debts discharged in bankruptcy to his post-bankruptcy account. (Id. at 1.) He claims PPL has continuously harassed him to pay his bill. Because of financial hardship, he has been unable to pay his bill. On July 6, 2005, PPL shut off his electricity. (Id. at 19.) He alleges that PPL's actions have caused him stress, duress, and emotional sickness. (Id.) He seeks $7,500.00 in damages and an injunction requiring PPL to turn on his electricity. (Id.)

Plaintiff has moved to proceed in forma pauperis under 28 U.S.C. § 1915. Accordingly, this Court should dismiss the case if it determines that the action (i) "is frivolous or malicious" or (ii) "fails to state a claim on which relief may be granted." § 1915(2).

The first issue presented in Plaintiff's complaint is whether PPL violated his civil rights under 42 U.S.C. § 1983. Plaintiff must establish that PPL acted "under the color" of state law to state an actionable § 1983 claim.[1]

It is well-settled that a privately-owned utility, like PPL, is not sufficiently connected to the

---

[1] Private conduct, "however discriminatory or wrongful" is not actionable under 42 U.S.C. § 1983. See Shelley v. Kraemer, 334 U.S. 1, 13 (1948).

State for its conduct to be considered state action.  Jackson v. Metropolitan Edison Co., 419 U.S. 345, 358-59 (1974)(nearly identical facts to this case).  Plaintiff's complaint does not cite any special circumstances that might indicate state action in this case.  Therefore, Plaintiff does not state an actionable civil rights claim.

The second issue presented in Plaintiff's complaint is whether PPL violated his rights under the ADA.  It is unclear why Plaintiff believes PPL violated his rights under the ADA,[2] but presumably his claim is that he is being denied access to services operated by a private entity.  See 42 U.S.C. §§ 12101, 12181-12189.  The ADA protects disabled individuals against discrimination.  Plaintiff, however, fails to articulate a claim that PPL discriminated against him based on his disability.  Instead, Plaintiff seems to suggest that the ADA provides blanket protection to a disabled person against an electric company shutting off his electricity when that customer fails to pay his bills.  This is inaccurate.  Therefore, Plaintiff's ADA claim will be dismissed as legally frivolous.

Finally, Plaintiff argues that PPL illegally transferred debts discharged in bankruptcy to his post-bankruptcy account.  If true, this is an actionable claim.  See 11 U.S.C. § 524.  This claim, however, is not properly presented by way of an action in this Court.  Instead, Plaintiff should present this claim in an appropriate Bankruptcy Court.  Accordingly, Plaintiff's

---

[2] Plaintiff's only reference to the ADA in his complaint is a conclusory statement that "PP&L have violated my rights under the American[s] with Disabilities Act."  (Pl.'s Compl., Dkt. Entry 1 at 2.)

bankruptcy claim will be dismissed without prejudice to any right he may have to seek relief in the appropriate Bankruptcy Court.

For the reasons set forth above, **IT IS HEREBY ORDERED THAT** Plaintiff's complaint (Dkt. Entry 1) is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is directed to mark this matter **CLOSED.**

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania
